1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LOUIE OCHOA, | Case No. 1:15-cv-01632 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| SHERRIFF DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Leonard Louie Ochoa, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2015.  He consented to the jurisdiction of the Magistrate Judge on November 12, 2015.  Plaintiff names the Sheriff's Department as Defendant.

## I.    Screening Requirement and Standard

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).   While factual allegations are accepted as true, legal conclusions are not.   *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).   The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.   *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.**   **Discussion**

Plaintiff, who is housed at Atascadero State Hospital, brings this civil rights action against the Sheriff's Department for his continued detention.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).   In this case, Plaintiff states that San Fernando Superior Court Judge David Gelfound utilized Proposition #47 to dismiss all three counts against him. Thereafter, instead of releasing him, the Los Angeles County Sheriff's Department detained him in jail and eventually transported him to Atascadero State Hospital where he is currently detained. Plaintiff claims this was a mistake and he should be released from custody.   Plaintiff is challenging his continued detention and is therefore precluded from seeking relief in this section 1983 action.   *Id.*   Plaintiff must seek relief for his claims by filing a habeas corpus action.

**III.**   **Conclusion and Order**

Plaintiff's section 1983 claim is barred because Plaintiff is challenging his continued detention.   *Wilkinson*, 544 U.S. at 81-2.   This deficiency is not capable of being cured through

amendment, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), and this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to state a claim under section 1983.  The Clerk of Court is DIRECTED to send Plaintiff blank forms for filing a habeas corpus action.

IT IS SO ORDERED.

Dated:   **February 4, 2016**                              /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE